BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-cr-00156-007-HZ |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **WILFREDO ZUNIGA CARDONA,** | |
| Defendant. | |

## Introduction

The defendant is a low-level member of a large-scale heroin drug trafficking organization that resolved his case very early in the process. The parties jointly recommend a sentence of 29 months.

/ / / /

/ / / /

/ / / /

Government's Sentencing Memorandum   Page 1

**Factual Background**

A.     **The Offense Conduct**

*Investigation Background*

Starting in the summer of 2019, the FBI and Clackamas County Interagency Task Force (CCITF) began an investigation into a drug trafficking organization that investigators named the "Navarro DTO." The investigators learned the Navarro DTO consisted primarily of Hondurans that were selling large quantities of heroin in the Portland, Oregon area.

CCITF conducted numerous controlled purchases of heroin from members of the DTO, engaged in physical and electronic surveillance, and utilized other investigative techniques including Confidential Human Sources (CHS) to conduct recorded calls and drug purchases. (PSR ¶ 17).

*Wilfredo Zuniga Cardona's Conduct*

During the Navarro DTO investigation, investigators identified the defendant as a member of the DTO who was responsible for ounce-level distribution of heroin in the Portland area. On October 1, 2019, CCITF members conducted surveillance of a Mazda identified as part of the Navarro DTO. Agents observed the defendant leaving a hotel in the Mazda. Tigard police officers conducted a traffic stop of the vehicle. The officers noticed that the defendant appeared to have a large amount of cash in his wallet, but the denominations were not noted. The defendant was released from the scene. (PSR ¶ 20-21).

On November 5, 2019, agents conducted a traffic stop on a vehicle being driven by the defendant. In the vehicle, investigators located approximately one ounce of heroin and $1,500 in U.S. currency. When questioned, the defendant admitted he sold heroin. Investigators searched

the defendant's cellular phone and found numerous text messages related to heroin trafficking. (PSR ¶ 22).

A records check revealed the defendant is a citizen of Honduras who was most recently removed from the United States to Honduras on February 28, 2013. A review of the defendant's immigration file showed eight prior removals or deportations from the United States between 1996 and 2013. As such, the agents administratively arrested the defendant and transported him to Portland, Oregon, for processing. The defendant was subsequently charged in U.S. District Court, case #3:19CR00576-001-JO, with Illegal Reentry. On May 22, 2020, he was sentenced to time served with three years of supervised release. On May 26, 2020, he completed his time served sentence and was transferred to Immigration and Customs Enforcement custody pending deportation. On June 10, 2020, the defendant was administratively arrested on a warrant for the instant offense and transferred into the custody of the U.S. Marshals for his initial appearance. (PSR ¶ 23).

B. The Plea and Plea Agreement

The defendant has not yet entered into a plea agreement. The parties have indicated that the defendant will plead guilty to a single-count Information. (PSR ¶ 3). The defendant's guilty plea will be entered pursuant to a written Rule 11(c)(1)(B) plea agreement (PSR ¶ 6). The government agrees not to bring additional charges against the defendant in the District of Oregon arising out of this investigation, known to the government at the time of the plea agreement. (PSR ¶ 5).

/ / / /

/ / / /

The defendant understands that because the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. (PSR ¶ 6).

The government will recommend a three-level reduction under USSG §3E1.1, provided defendant continues to demonstrate acceptance of responsibility. (PSR ¶ 8). The parties agree that pursuant to USSG §5G1.3(b)(1) the Court should adjust the sentence to give the defendant credit for time served since his arrest on November 5, 2019. (PSR ¶ 10).

### C. Guideline Computations

The government agrees to not consider the conviction in case #3:19CR-00576-MO in calculating the defendant's criminal history category pursuant to USSG §4A1.3(b)(1). (PSR ¶ 11). The immigration prosecution and narcotics prosecution were unaware of the parallel prosecutions until the defendant was arraigned on the narcotics case. As such, the two cases were unfortunately not resolved in a global matter.

The guideline for violations of 21 U.S.C. § 841(a)(1) is found at USSG §2D1.1. Pursuant to USSG §2D1.1, the base offense level is 22 if the offense involved at least 80 grams but less than 100 grams of heroin. (PSR ¶ 28).

| Count 1: 21 U.S.C. § 841(a)(1) | | |
|---|---|---|
| USSG §2D1.1 | Base Offense Level | 22 |
| USSG §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | | |
| | **Total Offense Level** | **19** |

/ / / /

/ / / /

/ / / /

**Government's Sentencing Memorandum**  **Page 4**

### D. Relevant Criminal History

| Crime | Date | Jurisdiction | Sentence |
|---|---|---|---|
| Illegal Reentry | 11/05/2019 | United States District Court (OR) | Time Served |
| Illegal Reentry | 12/10/2011 | United States District Court (AZ) | 180 Days |
| Illegal Reentry After Deportation Subsequent to a Felony Conviction | 09/10/2009 | United States District Court (CO) | 10 Months |
| Distribution of a Scheduled III Controlled Substance | 09/10/2009 | Adams County Combined Courts (CO) | 90 Days |
| Illegal Reentry After Deportation | 01/27/2003 | U.S. District Court (CO) | Time Served |
| Larceny | 11/20/2000 | Mecklenburg County District Court (NC) | 4 Days Jail |

The total criminal history score is eight. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of eight establishes a criminal history category of IV. (PSR ¶ 46).

### E. Government's Recommended Sentence

Based upon a total offense level of 19 and a criminal history category of IV, the guideline imprisonment range is 46 months to 57 months. (PSR ¶ 65). The parties agree that pursuant to USSG §5G1.3(b)(1) that the Court should adjust the sentence to give the defendant credit for time served since his arrest on November 5, 2019. Thus, the government recommends a sentence of 29 months imprisonment.

The recommendation of 29 months takes into account that the defendant agreed to resolve the case very early in a complex drug trafficking case, and the defendant's low-level role. While the government's recommendation is relatively low at 29 months, the actual

recommendation is 46 months, but reduced to give the defendant the appropriate credit for time served.   Given the defendant's very early acceptance of responsibility, his low-level role in the Navarro DTO, a sentence of 29 months is sufficient, but not greater than necessary.

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005).  The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007).  The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350.  The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

The government submits that under the facts of this case, a sentence of 29 months appropriately reflects the seriousness of the offense, will promote respect for the law, and provide just punishment for this defendant as a result of his offense.  Such a sentence reflects the low end of the advisory guideline range and would recognize the defendant's role in this offense, provide adequate deterrence to criminal conduct and protect the public.  A sentence of 29 months, coupled with a three-year term of supervised release, and a $100 special assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

F. Conclusion

Based on the foregoing, the parties jointly recommend that this Court impose a sentence of 29 months followed by a three-year term of supervised release.

Dated: January 13, 2021            Respectfully submitted,

                                   BILLY J. WILLIAMS
                                   United States Attorney


                                   */s/ Lewis S. Burkhart*
                                   LEWIS S. BURKHART, OSB #082781
                                   Assistant United States Attorney