PORTLAND MAIN OFFICE
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Lewis S. Burkhart
Assistant U.S. Attorney
Lewis.Burkhart@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



U.S. DEPARTMENT OF JUSTICE
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

EUGENE BRANCH
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

MEDFORD BRANCH
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 4, 2020

Ms. Francesca Freccero
Federal Public Defender's Office
101 SW Main St Ste 1700
Portland OR 97204

Re: *United States v. Wilfredo Zuniga Cardona*, Case No. 3-20-cr-00156-HZ-07
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope:** This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges:** Defendant agrees to plead guilty to Count 1 of the Information, which charges the Possession with Intent to Distribute Heroin in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

3. **Penalties:** The maximum sentence is 20 years' imprisonment, a fine of $1,000,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

**Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

> First, on or about October 1, 2019 to November 5, 2019 in the District of Oregon
>
> Second, the defendant knowingly possession with intent to distribute heroin
>
> Defendant admits the elements of the offense alleged in Count One of the Indictment.

The government's investigation revealed that the defendant was a part of a large scale heroin drug trafficking organization. While investigating the defendant, investigators witnessed what they believed to be several hand to hand drug transactions. On November 5, 2019, investigators stopped the defendant and he was found to have approximately one ounce of heroin and $1,500 in United States currency. The defendant admitted to selling heroin. Investigators executed a search warrant on the defendant's phone and located numerous text messages implicating heroin trafficking.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1 is a Base Offense Level of 22, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Sentencing Recommendation:** The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **No Enhancement:** The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11. **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **Credit For Time Served:** The parties agree that pursuant to USSG § 5G1.3(b)(1) that the Court should adjust the sentence to give the defendant credit for time served since his arrest on November 5, 2019.

13. **Criminal History:** The government agrees to not consider the conviction in case number 3:19-cr-00576-MO in calculating the defendant's Criminal History Category pursuant to §4A1.3(b)(1).

14. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that and of the defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of

the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $1,500 in United States currency which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1) as set forth in Count 1 of the Information.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which [has been or may be] initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of

imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

        D.     **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        E.     **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

        F.     **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.     **Deadline**: This plea offer expires if not accepted by September 30, 2020 at 5:00 p.m.

        Sincerely,

        BILLY J. WILLIAMS
        United States Attorney

        */s/ Lewis S. Burkhart*

        LEWIS S. BURKHART
        Assistant United States Attorney

Freccero, Francesca
Re: Zuniga Cardona Plea Agreement Letter
Page 6
September 4, 2020

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

*By videoteleconference*

October 8, 2020
Date

/s/ Wilfredo Zuniga-Cardona
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

October 8, 2020
Date

Francesca Freccero
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter (if necessary)

*The Spanish translation of this agreement is attached.*

Revised May 2018

OFICINA PRINCIPAL - PORTLAND
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Lewis S. Burkhart Fiscal federal auxiliarLewis.Burkhart@usdoj.gov (503) 727-1000
*Enviar correspondencia a la oficina de Portland*

SUCURSAL DE EUGENE
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

SUCURSAL DE MEDFORD
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**DEPARTAMENTO DE JUSTICIA DE LOS EE.UU.**
Fiscalía Federal Distrito de Oregon
Billy J. Williams, Fiscal federal

4 de septiembre de 2020

Lic. Francesca Freccero
Defensoría Federal de Oficio 101 SW
Main St, Suite 1700
Portland, OR 97204

      Asunto: *Estados Unidos vs Wilfredo Zuniga Cardona*, Causa No. 3-20-cr-00156-HZ-07
      Carta del Acuerdo declaratorio

Estimada abogada:

1.     **Partes/límites**: Este acuerdo declaratorio es entre la Fiscalía Federal (USAO) y el acusado, por lo tanto, ninguna autoridad de procesamiento, administrativa o regulatoria, federal, estatal o local está obligada a aceptarlo. Este acuerdo no se aplica a otros cargos que no sean los que se especifican en la presente.

2.     **Cargos**: El acusado acepta declararse culpable del Cargo No. 1 de la denuncia de la fiscalía que lo inculpa del delito de *Posesión de la heroína con la intención de distribuirla*, infracción al artículo 21 del código federal, secciones 841(a)(1) y 841(b)(1)(C).

3.     **Castigos**: La pena máxima por este delito es de 20 años de prisión, una multa de $1,000,000 dólares, un plazo de 3 años de libertad vigilada y $100 dólares de tasación penal. El acusado acepta pagar la tasación penal cuando se declare culpable o explicarle al juez por qué no la puede pagar. El acusado acepta además la confiscación de bienes tal y como se establece a continuación en la presente. El acusado entiende que si se requiere un plazo mínimo de prisión obligatorio, esto podría restringir la aplicación de desviaciones, modificaciones o decrementos adicionales en algunos casos.

      **El acusado entiende que, ya que no es ciudadano de los Estados Unidos, su declaración de culpable y el fallo condenatorio en su contra lo hacen prácticamente inevitable y casi un hecho que el acusado será expulsado o deportado de los Estados Unidos. El acusado reconoce y está de acuerdo en que su abogada le explicó esto y que de todas maneras él quiere declararse culpable.**

Revisada Mayo

4. **Sobreseimiento/no procesamiento**: La Fiscalía Federal va a solicitar que todos los cargos restantes que tiene el acusado sean retirados cuando le impongan la pena. La fiscalía además está de acuerdo en no poner cargos adicionales en contra del acusado en el distrito de Oregon relacionados con esta investigación, que sean del conocimiento de la fiscalía en el momento de celebrarse este acuerdo.

5. **Elementos constitutivos y hechos que forman la base del delito**: Para hallarlo culpable al acusado del Cargo No. 1 del documento inculpatorio la Fiscalía Federal tiene que probar los siguientes elementos constitutivos del delito, fuera de una duda razonable:

   Primero, que el 1º de octubre de 2019, o en fecha aproximada, hasta el 5 de noviembre de 2019 in el distrito de Oregon

   Segundo, que el acusado a sabiendas posesión [sic] de la heroína con la intención de distribuirla

   El acusado admite los elementos constitutivos del delito que se alega en el cargo no. uno del documento inculpatorio

   La investigación de la fiscalía reveló que el acusado formaba parte de una organización de narcotráfico de heroína a gran escala. Durante la investigación del acusado, los investigadores fueron testigos de lo que creían que eran varias compraventas de drogas mano a mano. El 5 de noviembre de 2019, los investigadores detuvieron al acusado y se descubrió que tenía aproximadamente una onza de heroína y $1,500 en moneda estadounidense. El acusado admitió haber vendido heroína. Los investigadores ejecutaron una orden de registro del teléfono del acusado y localizaron numerosos mensajes de texto que implican el tráfico de heroína.

6. **Factores para la imposición de pena**: Las partes están de acuerdo en que el juez primero debe determinar el intervalo sugerido por las pautas penales que corresponda, después el juez va a determinar una pena razonable tomando en cuenta ese intervalo y los factores enumerados en el código 18 U.S.C. § 3553(a). Si las partes están de acuerdo en que en este caso corresponde aplicar factores para la imposición de la pena, dicho acuerdo es prueba suficiente para cumplir con el estándar de pruebas pertinente.

7. **Conducta pertinente**: Las partes están de acuerdo en que la conducta pertinente que le corresponde al acusado, de conformidad con la sección USSG § 2D1.1, constituye el nivel básico de delito 22, antes de cualquier ajuste.

8. **Aceptar la responsabilidad**: El acusado debe demostrarle al juez que acepta plenamente la responsabilidad por su conducta ilícita, de conformidad con lo dispuesto por la sección 3E1.1 de las pautas penales. Si lo hace, la Fiscalía Federal va a recomendar una rebaja de tres niveles del nivel de delito que le corresponde al acusado (de dos niveles si el nivel de delito del acusado es menos que dieciséis). La Fiscalía Federal se reserva el derecho de cambiar la recomendación si el acusado, entre el momento en que se declare culpable y la imposición de la pena, comete cualquier delito penal, impide el desempeño de la justicia o trata de impedirlo, según lo explica la sección § 3C1.1 de las pautas penales o si actúa de manera contraria a aceptar la responsabilidad, según lo explica la sección § 3E1.1.

9. **Recomendación de pena**: La Fiscalía Federal va a recomendar la pena más baja del intervalo de las pautas pertinente siempre y cuando el acusado demuestre que aceptó su responsabilidad como se indica en la presente.

10. **No aumentar**: La Fiscalía Federal está de acuerdo en que no presentará una petición de aumento de la pena según lo dispuesto en el 21 U.S.C. § 851 si el acusado tiene alguna condena anterior por un delito mayor (*felony*) de droga.

11. **Desviaciones, modificaciones o decrementos adicionales**: La Fiscalía Federal acepta no solicitar ningún desviación, ajuste o incremento hacia arriba del intervalo consultivo de las pautas de pena, ni solicitar una pena por encima del intervalo, salvo por lo dispuesto en el presente acuerdo. El acusado acepta no solicitar ningún desviación, ajuste o decremento hacia abajo del intervalo consultivo de las pautas penales en virtud de las disposiciones de las mismas, o según lo dispuesto por el artículo 18 del código federal, sección 3553, ni solicitar una pena por debajo del intervalo, salvo por lo dispuesto en el presente acuerdo.

12. **Crédito por el plazo cumplido**: Las partes están de acuerdo en que conforme a lo dispuesto en la subsección 5G1.3(b)(1) de las pautas penales, el juez debe ajustar la pena para dar al acusado crédito por el plazo cumplido desde su arresto el 5 de noviembre de 2019.

13. **Historial delictivo**: La fiscalía está de acuerdo en no tomar en consideración la condena en causa no. 3:19-cr-00576-MO al calcular la categoría de historial delictivo del acusado, de conformidad con § 4A1.3(b)(1) de las pautas.

14. **Renuncia a la apelación/al recurso para anular el fallo condenatorio**: El acusado renuncia a sabiendas y voluntariamente a su derecho de apelar todo aspecto del fallo condenatorio y de la pena que reciba, bajo todo fundamento, con la excepción de lo siguiente: (1) si la pena que se le impone es más larga que la pena máxima dictada por ley; (2) si el juez llega a un intervalo sugerido por las pautas penales aplicando una desviación hacia arriba, según las disposiciones de los capítulos 4 ó 5K; (3) si el juez hace uso de su discreción según lo dispuesto por el artículo 18 del código federal, sección 3553(a) para imponer una pena que exceda el intervalo que sugieren las pautas penales. Si el acusado solicita la apelación a pesar de haber renunciado a ese derecho, la Fiscalía Federal puede tomar la postura que desee sobre cualquier asunto sujeto a la apelación. El acusado también renuncia a su derecho de presentar una impugnación indirecta, incluso el pedimento para un recurso según el artículo 28 del código federal, sección 2255, para disputar cualquier aspecto del fallo condenatorio y de la pena que reciba, con base en todo fundamento, con la excepción de defensa inadecuada por parte de su abogado y con la excepción de lo que dispone la Regla 33 de las Reglas Federales de Procedimiento Penal y el artículo 18 del código federal, sección 3582(c)(2). En caso de que se anule cualquier fallo condenatorio que reciba el acusado conforme a este acuerdo, la Fiscalía Federal puede volver a imputar y/o registrar en el tribunal otros cargos; también puede tomar la postura que desee en una audiencia para cambiar la pena impuesta, sin tomar en cuenta las disposiciones de este acuerdo.

15. **Obligación del juez**: El juez no está obligado a aceptar las recomendaciones de las partes ni del autor del informe pre-condenatorio (PSR). Como este acuerdo se hace en virtud de la Regla 11(c)(1)(B)

de las Reglas federales de procedimiento penal el acusado no podrá cancelar su declaración de culpable ni rescindir este acuerdo declaratorio si el juez no acepta los acuerdos o las recomendaciones de las partes.

16. **Divulgación total/se reserva los derechos**: La Fiscalía Federal le va a dar al juez y al autor del informe PSR toda la información que tenga sobre los hechos y las leyes relacionados con el caso del acusado. Con la excepción de lo incluido en este acuerdo, las partes se reservan todos los demás derechos de dar recomendaciones sobre la imposición de la pena y de responder a los pedimentos y argumentos que haya en oposición.

17. **Incumplimiento del acuerdo declaratorio**: Si el acusado no cumple con los términos de este acuerdo o si comete un delito nuevo entre el momento en que firmó este acuerdo y el día que le impongan la pena, la Fiscalía Federal se deslindará de las obligaciones que tiene en este acuerdo, pero el acusado no podrá cancelar su declaración de culpabilidad.

Si el acusado piensa que la Fiscalía Federal no cumplió con el acuerdo declaratorio debe presentar esta demanda ante el juez federal de primera instancia antes de que se le imponga la pena o en el momento en que se le imponga. Si el acusado no presenta la demanda de incumplimiento ante el juez de primera instancia habrá renunciado a presentar una demanda de ese tipo y no se le permitirá presentar una demanda de incumplimiento por primera vez en la etapa de apelación.

18. **Términos de la confiscación**:

    A. **Bienes y jurisprudencia**: Al firmar este acuerdo el acusado cede, a sabiendas y voluntariamente, todo el derecho, título o interés que tenga en los bienes que están sujetos a confiscación, de conformidad con el artículo 21, sección 853 del código federal, incluso $1500 en moneda estadounidense que el acusado admite que es producto de las actividades delictivas del acusado; o que se utilizaron para permitir las actividades delictivas del acusado, infracción al artículo 21, sección 841, como están enunciadas en el Cargo No. 1 de la denuncia de la fiscalía.

    B. **Convenio de la confiscación civil**: El acusado está de acuerdo en no registrar en el tribunal una demanda ni retirar una demanda sobre la propiedad mencionada en un procedimiento civil, administrativo o judicial, que se haya iniciado o que se iniciará. El acusado también renuncia a su derecho de que se le notifique sobre algún procedimiento de confiscación que tenga que ver con esta propiedad y está de acuerdo en no ayudar a otras personas a registrar una demanda en algún procedimiento de confiscación.

    C. **La confiscación no altera ni cubre otros pagos**: El acusado renuncia a sabiendas y voluntariamente a su derecho de tener un juicio con jurado sobre la confiscación de bienes. El acusado renuncia a sabiendas y voluntariamente a todas las defensas constitucionales, legales o de equidad sobre la confiscación de estos bienes, incluyendo toda demanda o defensa de conformidad con la Octava Enmienda de la Constitución de los Estados Unidos y renuncia a todos los derechos que tenga con respecto a la regla 32.2 de las Reglas Federales de Procedimiento Penal. El acusado también está de acuerdo en que la confiscación de sus bienes no se va a considerar como pago de alguna multa,

reparación de daños, costo de encarcelamiento o de alguna otra penalidad que le imponga el juez aparte de la confiscación.

    D.  <u>Ayudar en la extinción de dominio</u>: El acusado está de acuerdo en ayudar plenamente a la Fiscalía Federal a que se confisquen los bienes enlistados y en tomar las medidas necesarias con el fin de que el título de propiedad pase al gobierno federal, incluyendo de forma enunciativa mas no limitativa lo siguiente: entregar al gobierno federal el título y todos los documentos necesarios firmados para transferir el interés que tenga el acusado en la propiedad arriba mencionada. También va a ayudar a traer todos los bienes que se encuentren fuera de los Estados Unidos a la jurisdicción de este país y va a tomar las medidas necesarias para asegurarse de que no se vendan, distribuyan, tiren, o escondan esos bienes que están sujetos a confiscación u otra acción que imposibilite su confiscación.

    E.  <u>Bienes no identificados</u>: La Fiscalía Federal se reserva el derecho de proceder en contra de los bienes restantes que no se hayan identificado en este acuerdo o en alguna acción civil que se esté resolviendo junto con esta declaración de culpabilidad, incluyendo toda propiedad en la cual el acusado tenga interés o control, si es que dichos bienes, reales o personales, tangibles o no tangibles, están sujetos a confiscación.

    F.  <u>Orden definitiva de confiscación</u>: El acusado está de acuerdo en no disputar la inscripción de una orden definitiva de confiscación que recoja los presentes términos de confiscación al concluirse la causa penal.

19.  <u>Formalización del convenio</u>: Ninguna promesa, acuerdo o condición, salvo lo indicado en esta carta, tendrá validez, a menos de que se protocolice por escrito y firmen todas las partes abajo mencionadas o se confirme en las actas ante el juez. Si el acusado acepta esta oferta, tengan la amabilidad de firmarla y de adjuntar el original de esta carta a la *Solicitud de declaración de culpabilidad*.

20.  <u>Fecha límite</u>: Esta oferta de declaración de culpabilidad vence el 30 de septiembre de 2020 a las 5:00 de la tarde.

                     Atentamente,

                     BILLY J. WILLIAMS
                     Fiscal federal

                     [firma]

                     LEWIS S. BURKHART
                     Fiscal federal auxiliar

Leí detenidamente con mi abogada cada una de las partes de este acuerdo. Lo entiendo y voluntariamente acepto sus términos. Explícitamente renuncio a mi derecho de apelar como se indica en este acuerdo. Deseo declararme culpable porque de hecho soy culpable.

_____          _____
Fecha                                                        Acusado

Represento al acusado y soy su asesora legal. Leí detenidamente con el acusado cada una de las partes de este acuerdo. A mi leal saber, la decisión que ha tomado el acusado de aceptar este acuerdo y declararse culpable es informada y voluntaria.

_____          _____
Fecha                                                        Abogada del acusado

Le traduje correctamente al acusado arriba mencionado todo este acuerdo en mi papel de intérprete del caso. Interpreté correctamente todas las conversaciones entre el acusado y su abogada.

_____          _____
Fecha                                                        Intérprete (en caso necesario)